**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DERICK SMITH,**
                **Plaintiff,**

**-vs-**                                                 **Case No.  6:07-cv-955-Orl-18KRS**

**PENNY L. BURNSIDE,**
**KIM DICKEY,**
**ANGELA FRYER,**
                **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the application to proceed without prepayment of fees filed by Plaintiff Derick Smith. Doc. No. 2. On June 6, 2007, Smith filed a complaint against Penny L. Burnside, Kim Dickey, and Angela Fryer seeking monetary damages under 42 U.S.C. § 1983 for alleged constitutional violations committed with respect to the calculation and enforcement of Smith's conditional supervised release. Doc. No. 1. Smith is no longer incarcerated. *Id.* at 1.

The defendants are all employees of the Florida Parole Commission and are sued in their individual capacities. *Id.* at 7-8. Smith lists the Commission's offices in Tallahassee as the address for all three defendants. *Id*.

Smith has filed a number of actions in Florida state courts and in the United States District Court for the Northern District of Florida, some of which appear related to the present action. *Id.* at 5-6; Doc. Nos. 1-2, 1-3.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Smith's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

## I. ALLEGATIONS OF THE COMPLAINT.

The complaint contains no allegations in and of itself. Rather, the complaint incorporates the "Statement of Facts" contained in a petition for writ of habeas corpus filed in state court, doc. no. 1-2, and "The Facts on Which Petitioner Relies" section in an appellate brief filed in state court, doc. no. 1-3. These documents indicate that in August 2002, Smith was sentenced to six years of incarceration, and was referred to the Florida Parole Commission after the completion of some of the term of incarceration. Smith disputed the Commission's calculations with respect to his term of conditional supervised release, but the Commission did not respond to Smith's arguments. Based on the alleged miscalculations, Smith will be subject to detention or supervision beyond the period ordered by the sentencing court.

Smith contends that, by failing properly to calculate the term of his conditional supervised release, the defendants violated their duties under Florida Statutes, which resulted in a violation of Smith's Fifth, Eighth, and Fourteenth Amendment rights. *See* Doc. No. 1 at 11. Smith seeks general damages from each defendant, plus damages "for each day plaintiff was deprived of free society surpass [sic] his 'maximum sentencing date.'" *Id*. at 16.

**II.     ANALYSIS.**

The appellate brief indicates that Smith's appeal was filed in the Florida Fifth District Court of Appeal and includes that court's case number 5D-07-1574.  Doc. No. 1-3.  Based on a review of that court's online docket, Smith's appeal is still pending.  *See* Florida Fifth District Court of Appeal Website, http://www.5dca.org/, under "On-Line Dockets," searched using case number 5D-07-1574.

Even assuming Smith were to make the exceptional showing that it would be appropriate for this Court to intervene in a pending appeal in state court, the Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487-87 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id*. at 487.  This rule applies to conditions of parole or probation as well as actual confinement.  *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Any finding that the defendants deprived Smith of a constitutionally protected right would necessarily call into question the propriety of his imprisonment and subsequent conditional supervised release.  As such, this suit is, at best, premature and must be dismissed without prejudice to reassertion after resolution of the pending state proceedings.

On a related matter, district courts may consider whether venue is appropriate *sua sponte*.  *Lipofsky v. N.Y. State Worker's Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988).  Pursuant to 28

U.S.C. § 1391(b), a civil action based on a federal question "may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

According to the complaint, all three defendants work in, and presumably reside in or around, Tallahassee, Florida. Because all three defendants reside in the same state, venue is proper only in the judicial district where one of them resides. In this case, all three defendants reside in the Northern District of Florida. As such, venue does not lie in this Court.

### III.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. In the event Smith elects to file a renewed complaint, that complaint should be filed in the Northern District of Florida, which is the court in which venue appears proper, or must set forth the basis for venue in this Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 11, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy